IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASHIR PETROLEUM, INC. D/B/A GROGAN'S MILL SHELL CAR CENTER, *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-2545 |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY *Defendant.* | § | |

**NOTICE OF REMOVAL**

Defendant Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Bashir Petroleum Inc. D/B/A Grogan's Mill Shell Car Center v. Allied Property and Casualty Insurance Company*; Cause No. 19-06-07841; In the 284th Judicial District of Montgomery County, Texas.

**I.**
**BACKGROUND**

1. Plaintiff Bashir Petroleum Inc. D/B/A Grogan's Mill Shell Car Center (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 19-06-07841; In the 284th Judicial District of Montgomery County, Texas on June 6, 2019 (the "State Court Action").[1]

2. Allied appeared and answered on June 12, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition and asserting defenses.[2]

---

[1] *See* Plaintiff's Original Petition, attached as Exhibit A.

[2] *See* Allied's Original Answer, attached as Exhibit B.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Allied in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81(2) all pleadings and answers thereto filed in the State Court Action are attached as **Exhibits A and B**. Pursuant to Southern District of Texas Local Rule 81(4), a copy of the State Court Action docket sheet is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allied will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 284th Judicial District of Montgomery County, Texas

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Allied of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. "To determine whether jurisdiction is present for removal, the court considers the claims in the state-court petition as they existed at the time of removal."[3] As explained below, the facts presently existing establish that removal is proper in this case because the parties are completely diverse and the amount in controversy exceeds $75,000.

---

3 *Mangumo v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**A. Diversity of Parties**

7. On information and belief, Plaintiff is a corporation organized under the laws of the State of Texas with its principal place of business in Montgomery County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Allied Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

10. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[5] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[6] In this case, Plaintiff's Original Petition states that Plaintiff seek "monetary relief over $100,000 but not more than $200,000."[7] Plaintiff further seeks compensation for (1) actual damages, (2) penalties, (3) "treble damages pursuant to Texas Insurance Code Section 541.152(s)-(b),"[8] and (4) attorney's fees.[9] Penalties, treble damages, and

---

[4] *See* Exhibit A, Plaintiff's Original Petition, at ¶ 2.

[5] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).

[6] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[7] **Exhibit A**, Plaintiffs' Original Petition, at ¶ 4.

[8] Plaintiffs have also alleged that Defendant's actions were completed "'knowingly" as that term is used in the Texas Insurance Code which allows for the trebling of actual damages under Texas Insurance Code Chapter 541. *Id.* at ¶ 21.

[9] *Id*. at ¶¶ 4, 21, and 22.

attorneys' fees are included as part of the amount in controversy.[10] Therefore, amount in controversy plainly exceeds $75,000, exclusive of interest and costs.

11. Also, courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit to determine the amount in controversy.[11] Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's jurisdiction. Plaintiff's pre-suit demand claimed $87,865.05 in actual damages and $7,800.00 in attorney's fees.[12] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

**III.**
**CONCLUSION**

12. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13. WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

10 *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

11 *Villarreal v. State Farm Lloyds*, No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015).

12 Exhibit D, Plaintiff's demand letter dated November 8, 2018.

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Ethan D. Carlyle
Texas Bar No. 24031794
Southern District No. 30741
ecarlyle@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 15th day of July, 2019 to:

Noah M. Wexler **#*9414 7266 9904 2137 9600 61***
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX 77007
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp